AO 245B (Rev. 09/19) (VAE_V0625.1) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Alexandria Division

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
| --- | --- | --- |
| v. | ) | Case Number: 1:25-po-492 |
| BRYCE S. CARTER, | ) | USM Number: 69240-511 |
| | ) | Valencia Roberts, Esquire |
| | ) | Defendant's Attorney |

The defendant pleaded guilty to Counts E2388488, E2388490, and E2388491.

The defendant is adjudged guilty of:

| Title and Section | Nature of Offense | Offense Ended | Count |
| --- | --- | --- | --- |
| 36 CFR 4.23(a)(1) | Driving Under the Influence | 2-27-2025 | E2388488 |
| 36 CFR 4.23(c)(2) | Refusal to Submit to BAC Test | 2-27-2025 | E2388490 |
| 36 CFR 4.13(a) | Stopping on Highway | 2-27-2025 | E2388491 |

The defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

October 7, 2025
Date of Imposition of Judgment

/s/ John F. Anderson
United States Magistrate Judge
Signature of Judge

John F. Anderson, United States Magistrate Judge
Name and Title of Judge

10/7/2025
Date

AO 245B (Rev. 09/19) (VAE_V0625.1) Judgment in a Criminal Case  Page 2 of 7
    Sheet 2 - Imprisonment

Case Number: 1:25-po-492
Defendant's Name: CARTER, BRYCE S.

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of THIRTY-THREE (33) DAYS which consists of 21 days to be served consecutively and 12 days to be served intermittently as to Count E2388488. It is requested that defendant be incarcerated at the Alexandria Detention Center.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on _____ .
    ☐ as notified by the United States Marshal.
    ☒ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows: _____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

| | |
|---|---|
| Case Number: | 1:25-po-492 |
| Defendant's Name: | CARTER, BRYCE S. |

# PROBATION

You are hereby sentenced to probation for a term of THREE (3) YEARS as to Count E2388490.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release on probation and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you beside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*
7. ☐ You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(check if applicable)*
8. You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9. If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.
10. You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the standard conditions listed in this judgment as well as with any other special conditions listed in this judgment.

AO 245B (Rev. 09/19) (VAE_V0625.1) Judgment in a Criminal Case  
    Sheet 3 – Supervised Release

Page 4 of 7

| | |
|---|---|
| Case Number: | 1:25-po-492 |
| Defendant's Name: | CARTER, BRYCE S. |

# STANDARD CONDITIONS OF SUPERVISION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov

Defendant's Signature _____ Date _____

| | |
|---|---|
| Case Number: | 1:25-po-492 |
| Defendant's Name: | CARTER, BRYCE S. |

# SPECIAL CONDITIONS OF SUPERVISION

1) If the defendant tests positive for a controlled substance or shows signs of alcohol abuse, the defendant must participate in an outpatient substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise the defendant's participation in the program (provider, location, modality, duration, intensity, etc.). Partial costs of this program shall be paid by the defendant, as directed by the probation officer, subject to the court's ultimate review and supervision. The defendant shall waive all rights of confidentiality regarding substance abuse treatment to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.

2) The defendant shall participate in a program approved by the United States Probation Office for mental health treatment and follow the rules and regulations of that program. The cost of this program is to be paid by the defendant as directed by the probation officer. The defendant shall waive all rights of confidentiality regarding mental health treatment to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.

3) The defendant shall refrain from the use of alcohol.

4) The defendant shall participate in Remote Alcohol Testing, using any form of monitoring deemed necessary by the probation officer, at the defendant's expense as directed by the probation officer, for a period of 6 months as directed by the probation officer. The defendant shall abide by all technology requirements.

5) During the first year of probation, defendant may drive a motor vehicle only under the following circumstances: (1) the vehicle has an interlock device installed that is acceptable to the probation office; (2) to and from court and the probation office; (3) to and from mental health and substance abuse treatments; (4) to and from the rental properties defendant manages with prior approval from the probation office; and (5) to and from his place of confinement.

AO 245B (Rev. 09/19) (VAE_V0625.1) Judgment in a Criminal Case  Page 6 of 7
Sheet 5 – Criminal Monetary Penalties

**Case Number:** 1:25-po-492
**Defendant's Name:** CARTER, BRYCE S.

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|            | Assessment | Processing Fee | Fine     | AVAA Assessment* | JVTA Assessment** |
|------------|------------|----------------|----------|------------------|-------------------|
| E2388488   | $ 10.00    | $ 30.00        | $ 250.00 | $                | $                 |
| E2388490   | $ 10.00    | $ 30.00        | $ 250.00 | $                | $                 |
| E2388491   | $ 10.00    | $ 30.00        | $ 100.00 | $                | $                 |
| **TOTALS** | $ 30.00    | $ 90.00        | $ 600.00 | $                | $                 |

AO 245B (Rev. 09/19) (VAE_V0625.1) Judgment in a Criminal Case  Page 7 of 7
Sheet 6 – Schedule of Payments

| Case Number: | 1:25-po-492 |
|---|---|
| Defendant's Name: | CARTER, BRYCE S. |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☒ Lump sum payment of $720.00 due immediately, balance due
   ☐ not later than _____ , or
   ☒ in accordance with ☐ C, ☐ D, ☐ E, or ☒ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The Court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:
The fine, processing fee, and special assessment as to Violation Numbers E2388488, E2388490, and E2388491 shall be paid within 90 days.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.